## Case No. 5,988.

HAMILTON v. ROLLINS. SAME v. TODD et al. SAME v. BUTLER et al. SAME v. SHERWOOD.

[5 Dill. 495; 3 Ban. & A. 157; 4 Law & Eq. Rep. 561; 1 N. W. (O. S.) 205; 10 Chi. Leg. News, 4.] 1

Circuit Court, D. Minnesota. Sept., 1877.

PATENT FOR INVENTION — ASSIGNMENT OF RIGHT TO RECOVER FOR PREVIOUS INFRINGEMENTS.

1. Letters patent No. 51,310. to Palmer Hamilton, for "improvement in saw-mills," is valid, and was not anticipated by the Straub patent, No. 7943.

2. A patentee may assign his right to recover for infringements occurring before the assignment.

These suits, heard together, were brought [by Susan Hamilton against John Rollins, and against Shubael D. Todd and others, Levi Butler and others, and George Sherwood], to restrain the infringement of letters patent No. 51,310, granted to Palmer Hamilton, December 5th, 1865, for an improvement in saw-mills, and for an account of profits. The object of the invention was to give to a reciprocating saw a rocking or rolling motion, and it consisted in hanging the saw to cross-heads working in curved

1 [Reported by Hon. John F. Dillon, Circuit Judge, and by Hubert A. Banning. Esq., and Henry Arden, Esq., and here compiled and reprinted by permission. The syllabus and opinion are from 5 Dill. 495, and the statement is from 3 Ban. & A. 157. 4 Law & Eq. Rep. 561, contains only a condensed report.]

guides at the upper end, and straight guides at the lower end, the saw being pivoted to the pitman below the lower cross-head, which gave to the saw the requisite motion. The claim was for "giving to the saw in its downward movement a rocking or rolling motion, by means of the combination of the cross-head working in the curved guides at the upper end of the saw, the lower end of which is attached to a cross-head working in straight guides, and pivoted to the pitman below the saw, with the crank pin, substantially as described." The complainant claimed under a deed of assignment from the patentee, dated 18th of April, 1873, whereby, after reciting the grant of the letters patent, he "assigned, sold and set over to said Susan Hamilton all the rights, title and interest which I have in said invention, as secured to me by said letters patent, and my whole right and interest in all infringements of said patent, and actions in law for damages for such infringement; the same to be held and enjoyed by the said Susan Hamilton for her own use and behoof, and for the use and behoof of her legal representatives, to the full end of the term for which said letters patent are granted, as fully and entirely as the same would have been held and enjoyed by me had not this assignment been made."

W. E. Hale and Geo. H. Lothrop, for complainant.

Lochren, McNair, & Gilfillan and Lamprey & James, for defendants.

NELSON, District Judge. These suits are brought by the complainant, an assignee of the patentee, to recover damages for infringements of the patent No. 51,310, granted to Palmer Hamilton, December 5th, 1865, for "improvement in saw-mills."

The defences set up in all the cases are: (1) Want of novelty.

This patent was sustained in the case of Ives v. Hamilton, 92 U. S. 426. It is there described as "an improvement in saw-mills, and consists of the combination of the saw with a pair of curved guides at the upper end of the saw, and a lever, connecting rod or pitman, straight guides, pivoted cross-head, and slides or blocks and crank-pin, or their equivalents, at the opposite end, * * * giving to the saw, in its downward movement, a rocking or rolling motion, by means of the cross-head working in the curved guides at the upper end of the saw, the lower end of which is attached to a cross-head working in straight guides, and pivoted to the pitman below the saw with the crank-pin."

The defendants rely upon the Straub patent, No. 7943, issued in 1851, to sustain this defence. In the case above cited, this patent was not spread on the record, and the supreme court did not consider it. I have

examined the drawing of the invention and claim of the patentee, and find it is not the combination used in the Hamilton patent. Straub obtains a similar result (a vibratory motion of the saw), but the means devised for producing the motion, and not the result, is the claim made by Hamilton, and for which he was granted a patent. In Straub's patent, the saw is fixed at the upper end between two blocks, and at an angle to the perpendicular of forty-five degrees, or thereabouts, are placed grooved guides in which the blocks with saw attached slide. These guides are fastened to and supported by the saw frame, which consists of two upright standards with a cross-bar at the top running from each to the guides. The opposite end of the saw is fastened directly to a short rod connected to the extremity of a fly-wheel, so that, passing upwards and downwards by the rotary motion of the wheel, the saw retreats from and advances towards the log, describing in its movement nearly a circle. Between the guides, and running in the same direction, is fitted to the upper end of the saw a rod with spiral spring coiled around it, which strains the saw in descending by opposing its descent, and by its tension draws up the sliding blocks and upper end of the saw, and thus prevents it from bending during its upward and downward movement.

Hamilton obtains a vibratory motion to the saw by the cross-head to which the saw at the upper end is attached sliding in curved guides with the concave part towards the log, and the opposite end of the saw oscillating slightly by being attached to the pitman rod above the cross-head.

The design of the inventors of both combinations is to secure a motion ·similar to that given a whip-saw by men in a saw-pit, but the means employed by each are different. The curved guides above and the straight guides and lever pitman below, all of which comprise the Hamilton mechanical combination, are not found in the Straub patent.

Second defence. No right of action to recover for infringements occurring before the assignment. This defence is not intended to apply to all the cases, but, so far as it does, cannot be sustained.

Ordinarily, a cause of action in tort is not assignable. This rule, however, has reference to strictly personal torts, but rights of action for damages, and claims growing out of and adhering to property, will pass by assignment. The deed of assignment introduced is sufficient to convey the rights vested in the original patentee, and all his interest in infringements, to the complainant. She can, therefore, maintain these suits, and a decree will be entered accordingly for a perpetual injunction and an account, with costs. Decree accordingly.

[For other cases involving this patent. see note to Hamilton v. Ives, Case No. 5,982.]