THOMPSON *et al.* *v.* GILDERSLEEVE.

(*Circuit Court, S. D. New York.* February 27, 1888.)

1. PATENTS FOR INVENTIONS—INFRINGEMENT—MACHINES FOR FORMING STAPLE-SEAMS IN LEATHER.

The third claim of letters patent No. 136,340, issued February 25, 1873, to Samuel W. Shorey, for an improvement in machines for forming staple-seams in leather, which consists of an inclined and retreating bar or anvil, in combination with a bender-foot and a driving-bar, the improvement being that the inclined end of the anvil, retreating under the wire staple, supports it as it is being driven into the leather, and so obviates the necessity of boring holes for it in advance, is infringed by a device for stapling together the sheets of books and pamphlets, in which the staple, while being driven in, is sup-

ported by a similar inclined plane, although such incline is separate from the anvil, and the machinery moving the incline is different from that described in the patent.

2. SAME—DEFENSES—DIFFERENT USE.

It is no defense to a suit for the infringement of a patent that the patented machine is used solely for sewing leather and the infringing device for sewing paper, when either machine might be used indifferently on either material, as a patent covers the exclusive right to the use of the patented machine for all purposes.

In Equity. Bill for injunction for infringement of a patent.

*Horace Barnard,* for complainants.

*M. B. Philipp,* for defendant.

WHEELER, J. This suit is brought for an alleged infringement of the third claim of patent No. 136,340, dated February 25, 1873, and granted to Samuel W. Shorey, assignor to Arza B. Keith, for an improvement in machines for forming staple-seams in leather, and which is now owned by the orators. The principal defense is non-infringement. There were such machines prior to Shorey's invention. The wire of which the staples are formed is made to pass across a bar, called an "anvil," in width equal to the length of the crown of the staple, until the end projects beyond the anvil to an extent equal to a prong of the staple; then the machine cuts the wire at an equal distance from the other side of the anvil for the other prong; a bender-foot, with a projection on each side of the anvil, having a groove on the inside next to the anvil, then comes down and presses the ends of this piece of wire over the edges of the anvil, forming the staple with its crown across the top of the anvil, and its prongs down the sides of the anvil, in the groves of the bender-foot; then a driving-bar follows the bender-foot until it strikes the crown of the staple, when the anvil is withdrawn and the prongs of the staple are pressed through the sheets of leather beneath the bender-foot by the force of the driving-bar on the crown. The wire used is too fine to be stiff enough to be forced through the material by pressure on the crown of the staple without support, and, until Shorey's invention, holes for the prongs of the staple were punched. Shorey made the end of the anvil inclined, and had it withdrawn so that the driving-bar would strike the crown of the staple at the top of the incline, and the crown would follow down, and be supported by, the incline as it was driven home. so that the prongs would be pressed through the material to be stapled without having holes previously prepared for them. This claim is for this inclined and retreating anvil, in combination with the bender-foot and driver, operating substantially as described. The patent describes a lever, moved by a cam, to so withdraw the anvil as to make the crown of the staple coincide with the incline in its descent, and a spring working against the cam to return the anvil to its place for the next operation. In the defendant's machine the bender-foot forms the staple over an anvil which is forced from beneath the crown of the staple by the driver, leaving the crown of the staple on an incline that supports the crown as it is driven home, so that the prongs are forced through the material on-

erated upon without having holes previously made for them. The incline is moved away by the action of the driver forcing the crown of the staple down it, against a spring, in a direction opposite to that in which the anvil is moved, and is brought back to its place for the next operation by the action of the spring. The defendant uses his machine wholly on paper for stapling together the sheets of books and pamphlets.

One point made in behalf of the defendant is that his machine is used in forming staple-seams in paper, and not in leather. The machine of the patent unites the leather by driving successive staples through the parts to be united, twisting together the prongs on the other side of the work, and forming thereby a continuous seam. The machine of the defendant does the same with sheets of paper. Either machine will operate upon either kind of material, in the same manner, as upon the other. The material is operated upon, and the kind of it has no effect upon the mode. The patent covers the exclusive right to the use of that part of the machine patented without restriction, and as much for new purposes as for old. *Roberts* v. *Ryer*, 91 U. S. 150.

Another point is that grooves in the bender-foot are necessary to support the prongs of the staple, and prevent them from crippling while being driven; that such grooves are not described in the patent, and are employed for that purpose in the defendant's machine, making a different machine from the patented one. These grooves were, however, well known, and in use as parts of a bender-foot for this purpose at the time of the patent. This claim is for the inclined and retreating anvil, in combination with the bender-foot and driver, and not for the bender-foot or driver. These grooves are no part of the anvil, and have no share in supporting the crown of the staple while it is being driven. It was not necessary to describe them in describing the operation of the anvil, for the purposes of this claim, any more than it would be to describe any other parts of this intricate machine, and their operation. The new part was to be described; those parts which were old and well known would be understood without description. *Loom Co.* v. *Higgins*, 105 U. S. 580.

Another point is that the cam and lever for withdrawing the anvil are taken by the specification into the combination of this claim, and that, as the defendant does not make use of such a cam and lever, he does not use that combination. Many cases are referred to which show that a patent covers only what is described in the claims, and that, when a claim is for a combination, whatever is made a part of the combination, by the words of the claim itself, or by necessary inference, is a material part in the construction of the patent. *Bridge Co.* v. *Iron Co.*, 95 U. S. 274; *Fay* v. *Cordesman*, 109 U. S. 408, 3 Sup. Ct. Rep. 236; *White* v. *Dunbar*, 119 U. S. 47, 7 Sup. Ct. Rep. 72; *Hartshorn* v. *Barrel Co.*, 119 U. S. 664, 7 Sup. Ct. Rep. 421; *Snow* v. *Railway Co.*, 121 U. S. 617, 7 Sup. Ct. Rep. 1343. There can be no question about this. The only question on this part of this case is whether it comes within the principles of those and other similar cases. The anvil, as a former of the staple, and retreating after it is formed, out of the way, was not new.

The inclined part, as a supporter of the crown of the staple, and retreating to give way to the crown as it is forced downward by the driver, was new. The cam and lever are necessary to draw the forming part of the anvil backward until the crown of the staple is brought to the top of the incline; then the downward motion of the driver on the crown will force the inclined portion back while it is giving support. The cam and lever are not brought into the combination of this claim by its terms, neither are they necessary to the operation of the inclined and retreating part of the anvil; therefore they are not brought in by any necessary implication. This claim appears to be valid to cover this inclined and retreating anvil, operating to support the crown of the staple in the manner described, while the prongs are being supported by the bender-foot, and the staple is being driven home by the driver. While these parts work together in this manner they are the combination of this claim; and all the other parts of the machine that make these parts operate in this way to produce the result required are, for that purpose, equivalents of the parts of any other machine, however different they may be in themselves, which also make these parts operate in the same way to produce the same result. *Clough* v. *Barker*, 106 U. S. 166, 1 Sup. Ct. Rep. 188, 198.

In the defendant's machine, what is called in this patent the "anvil," is divided, and the part over which the staple is formed is in one piece, and the inclined part, which supports the crown of the staple while being driven, is in another. But the inclined and retreating portion operates to support the crown of the staple while the prongs are supported by the bender-foot and the staple is being driven home by the driver, precisely as these parts work in the combination of this claim. The forms are somewhat different, but the operation and result are the same. In this manner the defendant appears to make use of Shorey's invention as it was patented by this claim. *Mason* v. *Graham*, 23 Wall. 261; *Ives* v. *Hamilton*, 92 U. S. 426; *Valve Co.* v. *Valve Co.*, 113 U. S. 157, 5 Sup. Ct. Rep. 513.

Let there be a decree that the third claim of the patent is valid; that the defendant infringes that claim; and for an injunction and an account, with costs.