BENBOW-BRAMMER MFG. CO. v. SIMPSON MFG. CO. et al.

(Circuit Court, E. D. Wisconsin. September 23, 1904.)

1. PATENTS—CONSTRUCTION OF CLAIMS—INFRINGEMENT.

A specific description of an element of a machine in a claim of a patent does not operate as a limitation to the form thus shown, unless it is of the essence of the invention; and evasion of the specified form will not avoid infringement, where the substance of the invention is copied.

2. SAME—WASHING MACHINE.

The Schroeder patent, No. 535,465, for means for operating washing machines, claim 1, construed, and *held* infringed, on a motion for preliminary injunction, by a machine which embodies the same principle and differs only in the form of construction of one element of the combination, which is equivalent in function and mode of operation.

3. SAME—MOTION FOR PRELIMINARY INJUNCTION—EVIDENCE.
  In general a motion for a preliminary injunction must rest on the part of complainant on the bill and accompanying affidavits originally filed, and affidavits in rebuttal cannot be filed, except by leave of court, which will be granted under special circumstances.

In Equity. Suit for infringement of letters patent No. 535,465, for means for operating washing machines, granted to John Schroeder March 12, 1895. On motion for preliminary injunction.

Taylor E. Brown, for complainant.
H. G. Underwood, for defendants.

SEAMAN, District Judge. The patent involved is No. 535,465, issued March 12, 1895, to John Schroeder, for "means for operating washing machines," and the claim which is alleged to be infringed by the defendant reads as follows:

"(1) An operating shaft having a rotary reciprocating motion, a cylinder placed upon the shaft and having a sliding movement thereon, and through which cylinder motion is alone communicated to the shaft, and a double row of teeth or cogs upon the cylinder extending at an angle to the shaft, combined with a driving shaft having means for revolving it attached to one end, and a wheel for engaging the teeth on the cylinder at the other; the driving shaft being driven continuously in one direction, substantially as shown."

The bill and affidavits show that this patent has encountered strenuous litigation with alleged infringers, resulting in decisions in the Eighth Circuit which sustain the validity of the patent and adjudge the Brammer device there in suit to be an infringement. Schroeder v. Brammer (C. C.) 98 Fed. 880, affirmed 106 Fed. 918, 46 C. C. A. 41. The opinions by Judge Shiras at the Circuit, and by Judge Sanborn for the Circuit Court of Appeals, are not only decisive for the purposes of this motion upon the question of validity, but convincing as well of the scope of invention in the Schroeder device. So the right of the complainant to protection by preliminary injunction against another infringer is well settled, and the only inquiry upon this motion is whether infringement is undoubted.

Solution of that question, under this record, depends alone upon the construction to be given claim 1 of the patent—whether the element thereof described as "a double row of teeth or cogs upon the cylinder" is so limited by the terms employed that the claim excludes the element used in the defendants' device for like operation, consisting of one "row of regularly spaced pins projecting radially from the cylinder or head and provided with rollers," as described by Mr. Goss on behalf of the defendant. It is plain and undisputed that the other elements are substantially identical with those of the patent, and that both combinations are alike in mode of operation and function. The contention is that the patentee has so limited his claim of invention by the language referred to that the form of a "single row" of teeth or pins adopted by the defendant, in place of the "double row" described in the claim, escapes infringement, bringing the claim within the doctrine of strict construction upheld in Keystone Bridge Co. v. Phœnix Iron Co., 95 U. S. 274, 278, 24 L. Ed.

344, McClain v. Ortmayer, 141 U. S. 419, 424, 12 Sup. Ct. 76, 35 L. Ed. 800, and the long line of approving decisions. Vide 9 Rose's Notes U. S. Rep. 251; 12 Rose's Notes U. S. Rep. 37.

I am convinced, however, that the narrow rule thus invoked is not applicable to this patent, in the light of the prior art as considered in the Brammer infringement case, supra, and the reasonable deductions therefrom, stated in the opinion on appeal; that Schroeder had made an advance in the art which was "so striking and meritorious" that he was entitled to the benefit of obvious mechanical equivalents; that the advance resided in "the combination of the sliding cog-bearing cylinder, by which alone the reciprocating rotary motion was imparted to the operating shaft, with the old and familiar elements of his combination"; that "the cog-bearing, actuating, sliding cylinder was the element of this combination which embodied its principle and distinguished its mode of operation from those which preceded it," and, so used in combination, was novel and "marks a distinct and useful advance in the progress of this art"; that this is the substantive element shown and claimed, and not the specific form of cylinder, "nor the identical means he pointed out to hold its cogs in mesh with the pinion"; and that he is entitled to protection against the appropriation by another of this new means and mode of operation, without substantial change in elements and function. Brammer v. Schroeder, 106 Fed. 918, 921, 926, 927, 46 C. C. A. 41. The affidavits on behalf of the present defendants disclose no evidence of prior art which tends to narrow the scope of invention found in that suit, and the doctrine thus applied, as to the force of the patent in reference to the Brammer deviation in the form of cylinder cogs—substituting two single rows of teeth or cogs on the cylinder for engagement with the pinion and driving gear, one above and the other below the pinion, for the "double row" described and shown as a unit in the patent device and claim—impresses me as rightly upheld, and it is adopted for the purposes of this motion.

The rule stated in the leading case of Winans v. Denmead, 15 How. 330, 342, 14 L. Ed. 717, has been constantly sustained, namely, that "when a patentee describes a machine, and then claims it as described, he is understood to intend to claim, and does by law actually cover, not only the precise forms he has described, but all other forms which embody his invention—it being a familiar rule that to copy the principle or mode of operation described is an infringement, although such copy should be totally unlike the original in form or proportions"; that, "when the whole substance of the invention may be copied in a different form, it is the duty of courts and juries to look through the form for the substance of the invention"; and that, "when form and substance are inseparable, it is enough to look at the form only." See 5 Rose's Notes U. S. Rep. 330, for approving cases. It is deemed sufficient to cite, as an exemplification of this rule, Ives v. Hamilton, 92 U. S. 426, 23 L. Ed. 494; Machine Co. v. Murphy, 97 U. S. 120, 24 L. Ed. 935; Hoyt v. Horne, 145 U. S. 302, 12 Sup. Ct. 922, 36 L. Ed. 713; Reece Buttonhole Co. v. Globe B. M. Co. (C. C. A., 1st Circuit) 61 Fed. 958, 10 C. C. A. 194; McCormick Har. Mach. Co. v. Aultman Co. (C. C. A., 6th Circuit) 69 Fed. 371, 16 C. C. A. 259; Metallic Ex. Co. v. Brown (C. C. A., 8th Circuit) 104 Fed. 345, 353, 43 C. C. A.

568; F. C. Austin M. Co. v. American Well Works (C. C. A., 7th Circuit) 121 Fed. 76, 57 C. C. A. 330. All concur in the view that specific description in the claim of an element does not operate as a limitation to the form thus shown, unless it is of the essence of the invention, and evasion of the specified form will not escape infringement where the substance of the invention is copied; that courts "are not to judge about similarities or differences by the names of things, but are to look at the machines, or the several devices or elements, in the light of what they do, or what office or function they perform, and how they perform it" (Machine Co. v. Murphy, 97 U. S. 120, 24 L. Ed. 935), and thus ascertain whether the substance of patentable novelty is infringed. The line of cases before mentioned, which enforce the narrow rule excluding equivalents from the monopoly, rest upon the exception above noted, where form is the essence of the invention, and are not applicable to this invention as construed in the Brammer Case.

In the case at bar substantial identity of the defendants' machine with the patent device is unmistakable in means, mode of operation, and function, and the only feature upon which the contention of noninfringement is predicated is the substitution of the single row of teeth or pins on the cylinder to engage the driving gear, instead of either the "double row" mentioned in the patent or the two single rows of the Brammer infringement. As the subject of the patent is "the translation of the continuous rotary motion in one direction of the horizontal driving shaft into a reciprocating rotary motion of a vertical stirrer-arm shaft," this is accomplished through the engagement of the horizontal driving-shaft gear with the gear of the sliding cylinder on the vertical shaft. The double row of teeth in the patent device thus engages the driving gear constantly—on one or the other side, as the cylinder rises or falls. So the single row of the defendant furnishes like engagement successively on the upper and lower sides of the pins, corresponding to the position of the cylinder, thus operating alike with the element described in the claim as a double row. In operation and effect this single row presents successively the upper and under engagement of the double row, departing only from the integral form, otherwise functionless, of the patent element described as "double." It is obviously designed to evade the wording of the claim in suit, and, equally with the two single rows of the Brammer device, is an equivalent element. I am of opinion that infringement clearly appears under the construction of the claim thus authorized upon the prima facie case. It cannot be presumed for the purposes of the motion that the research and ingenuity of counsel will discover new evidence in the prior art to deprive the invention of the scope so authorized by the adjudication in the Brammer contest. Infringement must be undoubted to authorize the injunction, but the doubt must arise out of the patent and proofs submitted, and not rest on mere suppositions. The complainant is entitled to protection by injunction pendente lite, as the only adequate protection at this stage, and writ will issue accordingly.

The objection on behalf of the defendants to the affidavit of Mr. Wiles, tendered by way of rebuttal, is sustained. Without special circumstances and leave of court thereupon, it is my understanding of the practice, in this circuit at least, that the motion for a preliminary in-

junction must rest, on the part of the complainant, on the bill and accompanying affidavits originally filed. In conformity with this view, the affidavit referred to has been left out of consideration.