DELAWARE SEAMLESS TUBE CO. et al. v. SHELBY STEEL TUBE CO.

(Circuit Court of Appeals, Third Circuit. April 23, 1908.)

No. 5

1. PATENTS—ASSIGNMENT—SUFFICIENCY.
　　A conveyance by a corporation of all of its property, including its "good will, patents, trade-marks," etc., is effective as an assignment of a patent then owned by it, although not described therein, and it is immaterial as against an alleged infringer that it was not eligible for record under Rev. St. § 4898 (U. S. Comp. St. 1901, p. 3387).
　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, § 276.]

2. SAME—INFRINGEMENT—CHANGES IN FORM.
　　Mere formal changes, where there is substantial identity, are unavailing to escape infringement.
　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, § 371.]

3. SAME—MACHINE FOR MAKING TUBING.
　　The Stiefel patent, No. 551,340, for mechanism for making tubes from metallic ingots, was not anticipated and discloses invention, nor is it strictly limited to the precise construction shown and described; also held infringed.

Appeal from Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 151 Fed. 64.

Charles K. Offield, for appellants.

Thomas W. Bakewell, for appellee.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

DALLAS, Circuit Judge. The specification of error based upon the proposition that the complainant did not exhibit a sufficient title

to the patent sued on has not been maintained.  The suggestion that "the test" of whether title passed by the assignment in question is "whether such paper could be recorded" under section 4898 of the Revised Statutes (U. S. Comp. St. 1901, p. 3387) has been attentively considered, but cannot be accepted.  That section provides that "every patent * * * shall be assignable in law by an instrument in writing," and it makes an assignment void for omission to record only "as against any subsequent purchaser or mortgagee," etc.  In this instance we have a writing which, as was said by the learned judge below, is an assignment, in terms, "of all the property of the company executing it, * * * specifically including also 'the good will, patents, trademarks,'" etc.  Of course, the word "patents" included every patent which was assignable by the assignor (Herring-Hall-Marvin Safe Co. v. Hall's Safe Co., 28 Sup. Ct. 351, 52 L. Ed. ——); and, with respect to the parties to this cause, it is immaterial whether the instrument was or was not eligible for record.

The patent involved is No. 551,340, dated December 10, 1895, issued to Ralph Charles Stiefel, for "mechanism for making tubes from metallic ingots."  Of its validity independent examination of the record and careful consideration of the arguments of counsel leave us in no doubt.  We have arrived at the same conclusion as was reached by the Circuit Court, and deem it unnecessary to add anything to the reasoning of the learned judge in its support.  Shelby Steel Tube Co. v. Delaware Seamless Tube Co. (C. C.) 151 Fed. 64.

Upon the question of infringement, too, but little, if anything, remains to be said.  The departure of the defendant's machine from the prior art, even as advanced by Mannesmann, is palpable, and there is convincing evidence that it was contrived with especial reference to Stiefel's invention, and with intent to elude, if possible, the terms of his patent.  The two organisms are similar in structure and appearance, but they are not precisely identical, and the sufficiency of their variance to preclude conflict depends upon the scope of the claims in suit, which are as follows:

"(1) The combination of two parallel disks revolving in the same direction and overlapping each other, one of said disks being beveled at its outer edge which beveled surface is opposed to a portion of the plane surface of the other disk; the outer diameter of this plane surface and the inner diameter of the beveled surface opposed to it being substantially the same and the edges formed by both diameters intersecting the same transverse plane through the pass between the disks: the angles of the opposing surfaces converging to this plane which is at the narrowest part of the pass, with a conical mandrel lying in the axis of the pass at its exit side, substantially as set forth.

"(2) The combination of two parallel disks revolving in the same direction, beveled at the edges of their adjacent faces and overlapping each other so that the beveled portion of one disk lies opposite a flat portion of the other disk, the edges formed by the smaller diameters of the beveled portion of the disks intersecting the same transverse plane through the pass between the disks whereby the sides of the pass first converge to this plane and then diverge beyond it, with a piercing mandrel located between the diverging sides of the pass and exactly in axial line of the pass, substantially as hereinbefore set forth."

It is true that the appellant "avoided a mere servile copy of the form" described in these claims.  But, though he abstained from op-

posing the beveled portion of one disk to the flat surface of the other, yet the practical success which he accomplished was due to the embodiment in his slightly altered arrangement of the very essence of the meritorious invention which Stiefel had disclosed, and this court has repeatedly held that mere formal changes where there is substantial identity are unavailing to escape infringement. Mitchell v. Ewart, 81 Fed. 390, 26 C. C. A. 443; Thompson v. Second Avenue Traction Co., 93 Fed. 824, 35 C. C. A. 620; Smeeth v. Perkins & Co., 125 Fed. 285, 60 C. C. A. 199. See, also, Ives v. Hamilton, 92 U. S. 431, 23 L. Ed. 494; Elizabeth v. Pavement Co., 97 U. S. 137, 24 L. Ed. 1000; Hoyt v. Horne, 145 U. S. 302, 12 Sup. Ct. 922, 36 L. Ed. 713.

The contention that the file wrapper and contents in the matter of a certain abandoned application of Stiefel require that the patent in suit should be confined "to exact and specific mechanical construction and details" does not call for extended discussion. The application referred to presented claims both for an apparatus and for a process. The latter only were disallowed. The others were withdrawn, and are substantially contained in the patent now before the court.

As the first and second specifications do not "set out separately and particularly each error asserted and intended to be urged," they need not be regarded. Rule 11 (150 Fed. xxvii, 79 C. C. A. xxvii). The remaining specifications are overruled for the reasons we have briefly indicated, and which are more fully set forth in the opinion of the court below.

The decree is affirmed.