**FORTNER & PERRIN, INC., Plaintiff,**

v.

**Herbert L. PERRIN, Phillip G. Perrin, Topper Manufacturing Company, Defendants.**

No. 634–59.

United States District Court
S. D. California,
Central Division.

Feb. 8, 1960.

■■ The Complaint alleges that the defendants have infringed the patent and the usual relief by way of injunction, damages and the like is asked. The defendants have pleaded invalidity and non-infringement. These defenses may be disposed of with brevity. It is established law that assignors of a patent and those in privity with them are estopped from questioning its validity.[1] They may, however, show the state of the art in order to limit the scope of the estoppel.[2] However, the estoppel does not apply to a patent which has expired or to a device which is in the public domain.[3]

■ As the assignments here were unconditional, the defendants are estopped to question the validity of the patent. However, I am of the view that the patent, while narrow in scope, is valid.[4] The essence of the invention, as testified in court and as described in the patent, is:

Lyon & Lyon, by Robert Douglas Lyon, Los Angeles, Cal., for plaintiff.

Robert E. Geauque and Allan M. Shapiro, by Allan M. Shapiro, Van Nuys, Cal., for defendants.

YANKWICH, District Judge.

This action relates to Letters Patent 2,470,079, application for which, made by R. A. Kelsey, was filed on December 22, 1945 and issued on May 10, 1949. The device, called "Garment Hangers", is rather simple and is in a crowded field.

On September 21, 1945, the interest in the invention was transferred to Melvin V. Milliger and Herbert L. Perrin. Their interest in turn was transferred to Fortner and Perrin, Inc. on June 9, 1949. Both assignments were duly recorded in the Patent Office on June 13, 1949. Fortner and Perrin, Inc. have, since that date, been the owners of the patent.

A device for hanging trousers which have a cuff on each trouser leg. The hanger is made of wire and has a pair of arms projecting outwardly from a central support. Each arm comprises a double wire strand bent at end upwardly and backwardly to an extending loop. The loop, when fitted into the trousers enters the crease of the trouser leg and maintains the cuff in tension so that during the hanging operation the crease is maintained. This construction gives rigidity to the structure so that during use the arm does not twist or bend. The particular formation of the loop is such that it will not abraid the cuff, tend to wear a hole in it or puncture it when placed upon the hanger.

1. Westinghouse Electric & Manufacturing Company v. Formica Insulation Company, 1924, 266 U.S. 342, 348, 45 S.Ct. 117, 69 L.Ed. 316; Edward Katzinger Co. v. Chicago Metallic Manufacturing Co., 1947, 329 U.S. 394, 400, 67 S.Ct. 416, 91 L. Ed. 374.

2. Scott Paper Co. v. Marcalus Manufacturing Co., 1945, 326 U.S. 249, 252, 256–258, 66 S.Ct. 101, 90 L.Ed. 47.

3. See, Scott Paper Co. v. Marcalus Manufacturing Co., supra, Note 2, pp. 256–

258; Douglass v. United States Appliance Corporation, 9 Cir., 1949, 177 F.2d 98, 100, 101; National Welding Equipment Co. v. Hammon Precision Equipment Company, D.C.N.D.Cal., 1958, 165 F. Supp. 788, 791–792. And see the writer's opinion in Blastcrete Equipment Co., Inc. v. Ridley & Co., Inc., D.C.Cal., 1959, 174 F.Supp. 277, 280.

4. See, Glendenning v. Mack, D.C.Minn., 1958, 159 F.Supp. 665.

While some of these elements are found in prior patents, their combination in the manner taught by the patent, in order to achieve the stated result, constitutes invention over the prior art. I am also of the view that the defendants' device infringes the claims of the patent, especially Claim 3.

The only real deviations claimed to exist in the accused device are: (1) its supporting arms are parallel rather than divergent, and (2) the wire strands *are not* bent upwardly at their ends into upwardly and backwardly extended loops. On the contrary, *they are bent in reverse order,* that is, inwardly. But it was evident from the testimony and, indeed, admitted by all persons who testified in the case that the arms in both devices perform the same function in (1) holding the trousers in rigid suspension from the cuff and (2) preventing damage to the fabric.

In the circumstances, there is infringement. For it is a fundamental principle of the law of patents that a change of form or the reversal or transposition of parts in a device cannot avert infringement if the parts so changed as to form, or position or their transposition result in a device which performs the same functions as the patented device.[5] The changes made by the defendants in their device, in an effort to avoid infringement, are, to use the words of Mr. Justice Jackson

"minor variations to conceal or shelter the piracy."[6]

For the reasons stated, the Court finds that the Letters Patent 2,470,079 issued to R. A. Kelsey December 22, 1945, and owned by the plaintiffs are valid and that the defendants have infringed the claims of said Patent, especially Claim 3, which is printed in the margin.[7]

Judgment will therefore be for the plaintiff for injunction and single damages to be determined by a Master to be appointed by the Court when the interlocutory judgment shall have become final. No attorneys fees. Costs to the plaintiff. Judgment and findings to be prepared by counsel for the plaintiff under Local Rule 7, West's Ann.Code.

5. Union Paper Bag Machine Company v. Murphy, 1877, 97 U.S. 120, 125, 24 L.Ed. 935; Ives v. Hamilton, 1875, 92 U.S. 426, 430–431, 23 L.Ed. 494; Sanitary Refrigerator Company v. Winters, 1929, 280 U.S. 30, 41, 50 S.Ct. 9, 74 L.Ed. 147; Graver Tank & Mfg. Co., Inc. v. Linde Air Products Co., 1950, 339 U.S. 605, 607–609, 70 S.Ct. 854, 94 L.Ed. 1097; Apex Electrical Mfg. Co. v. Maytag Co., 1941, 7 Cir., 122 F.2d 182, 187; Bianchi v. Barili, 9 Cir., 1948, 168 F.2d 793, 800; Priebe & Sons Co. v. Hunt, 8 Cir., 1951, 188 F.2d 880, 882–884; Oxnard Canners, Inc., v. Bradley, 9 Cir., 1952, 194 F.2d 655, 657–658; Artmoore Co. v. Dayless Mfg. Co., 7 Cir., 1953, 208 F.2d 1, 4–5; Great Lakes Equipment Company v. Fluid Systems, Incorporated, 6 Cir., 1954, 217 F.2d 613, 616. And see generally, Walker on Patents, Deller's Ed., 1937, Vol. 3, § 456, pp. 1687–1691; § 463, pp. 1699–1700.

6. Graver Tank & Mfg. Co., Inc. v. Linde Air Products Co., supra Note 5, 339 U.S. at page 607, 70 S.Ct. at page 856.

7. "3. A garment hanger for hanging trousers having a cuff on each trouser leg, said hanger being made of wire and having a central support and two resilient arms extending in opposite lateral directions from the lower end thereof, each arm comprising double wire strands bent upwardly at their ends into upwardly and backwardly extending loops, and the portions of the loops of each arm nearest the support being rigidly connected together, the upper portion of one loop of both arms being arranged to extend under the cuff of one trouser leg."