SCHROEDER v. BRAMMER.

(Circuit Court, S. D. Iowa, W. D. January 8, 1900.)

1. PATENTS—CONSTRUCTION OF CLAIMS—UNCERTAINTY OF DESCRIPTION.
    A claim may properly be restricted to a description of the exact improvement claimed as the invention, and, where it shows by its terms that it is so restricted, it is not invalid because, standing alone, it does not describe a complete and operative machine; but the specification, includ-

ing the drawings, may be looked to for the purpose of ascertaining the old, known, or unclaimed elements or features which are to be combined in operation with the improvement described in the claim, and if the specification and claim, read together, describe an operative machine which will include the invention described in the claim, the patent will not be held void for uncertainty and vagueness of description.

**2. SAME—INFRINGEMENT.**
Mere changes in the positions of the several parts of a combination in a patented machine, which do not change the mode of its operation or produce different results, will not avail to defeat a charge of infringement.

**8. SAME—INFRINGEMENT—WASHING MACHINE.**
The Schroeder patent, No. 535,465, for an improvement in washing machines which consists of a combination of mechanical devices by which the driving wheel, while being rotated continuously in the same direction, imparts a rotary, reciprocating motion to the operating shaft, discloses a patentable invention, and not merely an aggregation of old elements, and is valid. Also, *held* infringed.

Bill in equity to restrain alleged infringement of letters patent No. 535,465, issued to complainant under date of March 12, 1895. Submitted on pleadings and proofs.

Frank D. Thomason, for complainant.
W. J. Roberts, T. A. Murphy, and L. G. Susemibel, for defendant.

SHIRAS, District Judge. The complainant in this case on the 12th day of March, 1895, obtained the issuance of letters patent No. 535,465, it being stated in the specifications that the—

"Invention relates to an improvement in means for operating washing machines, and it consists in a shaft which is revolved continuously in one direction by the operator, combined with an angular revolving shaft, which is made to revolve first in one direction and then in another, and a vertically moving cylinder placed upon the angular shaft, and which is provided with a double row of teeth or cogs, which extend partially around the cylinder, and which mesh with the pinion upon the driving shaft for the purpose of causing the angular shaft to revolve, all of which will be more fully described hereinafter. The object of the invention is to provide a mechanism for reciprocating rotary washing machines, whereby when the driving shaft is revolved continuously in one direction a rotary reciprocating motion is imparted to the operating shaft; the latter being provided with a pronged head, which causes the clothes to move first in one direction, and then in the other, in the frame of the washing machine."

To the specification, which contains a full description of the several parts of the combination, there are attached several drawings for the purpose of making plain the invention claimed, and the mode of its combination with the ordinary form of washing machines. Attached to the specification are two claims, the first of which reads as follows:

"An operating shaft having a rotary, reciprocating motion; a cylinder placed upon the shaft, and having a sliding movement thereon, and through which cylinder motion is alone communicated to the shaft; and a double row of teeth or cogs upon the cylinder, extending at an angle to the shaft, combined with a driving shaft having means for revolving it, attached to one end, and a wheel for engaging the teeth on the cylinder at the other, the driving shaft being driven continuously in one direction,—substantially as shown."

The bill charges that the defendant is engaged in the manufacture and sale of washing machines which are an infringement upon

the invention covered by the patent above described, and a decree for an injunction and accounting is asked against the defendant.

In substance, it is averred in the answer that the letters patent issued to complainant are void, in that the specifications and claims therein contained do not sufficiently describe the alleged invention of complainant; that the description in the specification would not enable one skilled in the art to construct an operative machine; and that the machines made and sold by the defendant do not infringe upon the patent owned by complainant, or any rights secured thereby. Thus, the first question presented for consideration is whether the letters patent issued to complainant are void for insufficiency and uncertainty in the description of the invention sought to be protected. In passing, it may be said that it is not seriously questioned in argument that the machines made by the complainant are fully operative, and embrace a novel and useful combination of parts, but the contention of defendant is that the letters patent do not in fact describe the machines manufactured by complainant. In support of this contention it is claimed that in order to make an operative machine, including the combination patented by complainant, it is necessary to give support to the cylinder, and check its downward motion upon the upright shaft, by prolonging the inner end of the driving shaft after it has passed through the driving wheel, and thus forming a projection upon which the upper rim upon the cylinder can rest and be supported; it being claimed on behalf of defendant that, unless the inner end of the driving shaft is thus extended so as to make it a support to the cylinder when the cogs thereon drop below the driving wheel, the cylinder will slide so far down on the upright shaft that the cogs on the cylinder will cease to mesh with the cogs on the driving wheel, and the cylinder will of necessity cease to move. There can be no doubt that, unless the downward movement of the cylinder upon the upright shaft is checked before the cogs on the cylinder cease to mesh with the cogs on the driving wheel, the driving wheel could not cause the upright shaft to revolve, and the machine would not operate; and there can be no question that, in the machine manufactured by complainant, provision is made for preventing loss of contact between the cogs on the cylinder and the driving wheel, by prolonging the inner end of the shaft, after it passes through the driving wheel, a distance sufficient to enable it to form a support for the cylinder when the cogs thereon pass below the driving wheel, and thus the cylinder is prevented from dropping out of connection therewith. The contention of the defendant, however, is not that the machines as manufactured by complainant are not operative, but that to make them operative it is necessary to use therein a feature not described in the claims or specification of complainant's patent, and therefore the patent is insufficient and void because it does not contain a description of all the elements or features essential to make an operative machine. In support of his contention defendant quotes from the decision of the supreme court in the Case of the Incandescent Lamp Patent, 159 U. S. 465, 16 Sup. Ct. 75, 40 L. Ed. 221, wherein it is said:

"It is required by Rev. St. § 4888, that the application shall contain a written description of the device, 'and of the manner and process of making, constructing, compounding and using it, in such full, clear, concise and exact terms as to enable any person skilled in the art or science to which it appertains or with which it is most nearly connected to make, construct, compound and use the same.' The object of this is to apprise the public of what the patentee claims as his own, the courts of what they are called upon to construe, and competing manufacturers and dealers of exactly what they are bound to avoid. Grant v. Raymond, 6 Pet. 218, 247, 8 L. Ed. 376. If the description be so vague and uncertain that no one can tell, except by independent experiments, how to construct the patented device, the patent is void."

The contention of defendant is that the claim and specifications do not point out the need of extending the inner end of the shaft upon which is pinioned the driving wheel, so as to form a support for the cylinder when the cogs thereon drop below the driving wheel, so as to prevent the cogs on the wheel and on the cylinder from becoming disengaged; and it is urged that a person might construct a machine in exact accordance with the terms of the specification, and yet it would be inoperative, because the specifications do not call for a support to the cylinder such as is afforded in the machines actually manufactured by complainant, by the prolongation of the inner end of shaft, O. It will be kept in mind that the requirement of section 4888 of the Revised Statutes is that the description shall be in such full terms as to enable any person skilled in the art to which the invention appertains to construct an operative machine. The statement in the specifications is that the teeth of the driving wheel "are made to mesh with the two rows of teeth or cogs upon the side of the cylinder, I, and thus cause the cylinder and the shaft, B, upon which it is placed, to revolve first in one direction, and then in the other." Any person, whether a skilled mechanic or not, can readily see that in order to cause the upright shaft to revolve it is absolutely necessary that the cogs on the driving wheel and upon the cylinder should be kept engaged, or, as is stated in the specifications, they must be made to mesh together. It would be equally apparent to any one that, if so much play was allowed to the cylinder that when the cogs thereon passed below the driving wheel they would cease to mesh with the cogs on the wheel, the upright shaft would cease to revolve; and therefore to a skilled mechanic it would be self-evident that the movement of the cylinder upon the upright shaft must be so restricted as to prevent the cogs from becoming disengaged. This would be necessary in order to make the machine operative. It would be necessary in order to meet the requirements of the specifications, to wit, that the cogs in the cylinder and on the driving wheel must mesh together. He would be but a poor mechanic who would not perceive, from the description in the specifications, the need of keeping the different sets of cogs meshed together, and who could not readily supply the means necessary to that end. But the patent does not in fact omit to point out a ready means for compassing the requirements of the specification, to wit, that the cogs upon the cylinder and the driving wheel are to mesh together. In the drawings which are made part of the specification the prolongation of the inner end of the driving shaft, O, is shown, and its mode of

operation in preventing the cogs on the cylinder from ceasing to mesh with those on the driving wheel is made entirely plain. It is, however, strenuously argued on behalf of defendant that the drawings cannot be resorted to to supply an omission in the written specifications. It may be true, as contended, that the claim which is intended to set forth fully and clearly the matter which the applicant seeks to have protected to him by letters patent cannot be enlarged by matters shown in the drawings; but we are not now dealing with the language of the claim proper, but are considering the objection urged to the patent, that the description therein is so vague and uncertain that it would not enable one skilled in the art, by following the description, to produce an operative machine. The drawings in fact form part of the description contained in the specifications, and can be resorted to in determining whether the patentee has given in his application such a description of the old and new features intended to be combined in the completed machine that a person skilled in the art can, from the description given, construct an operative machine. In the written portion of the specifications the need of keeping the cogs upon the cylinder and the driving wheel meshed together is made plain, and in the drawings a ready mode for preventing them from becoming disengaged is provided for; and the patent issued to complainant cannot, therefore, be defeated and held void on the ground that it is so vague and uncertain in its description that a person skilled in the art cannot, by following the description, produce an operative machine.

It is also contended that complainant's patent should be held invalid because in the claims of the patent nothing is said about the prolongation of the inner end of the shaft, O, as a means for supporting the cylinder, and preventing the cogs thereon from ceasing to mesh with the cogs on the driving wheel. If it had been the purpose of complainant to claim this means of supporting the cylinder, as part of his invention, he should have included it in the claims; but, if he did not so purpose, then it was properly omitted. The office of the claim is to clearly point out that which the applicant asserts he has invented, and which he seeks to protect by securing letters patent therefor. In cases wherein the invention, to be of practical use, is intended to be combined with known means or features, it is requisite that, in the descriptive part of the application or specifications, reference should be made to the old or known matters, and the mode of combining the operation of the old and the new should be pointed out; for this is necessary to meet the requirement that the description must be such that one skilled in the art by following its provisions will be enabled to construct an operative machine; but, when the claim proper is formulated, it should be confined to that which constitutes the exact invention claimed by the applicant for a patent. A claim which shows by its terms that it is intended to be restricted to the exact improvement claimed as the invention will not be held invalid because, standing alone, it would not describe a complete and operative machine. We look to the specifications, including the draw-

ings, to ascertain the old, known, or unclaimed elements or features which are to be combined in operation with the improvement described in the claim; and if the specifications and claim, read together, describe an operative machine which will include the invention described in the claim, then the patent will not be held to be void for uncertainty and vagueness of description.

It must therefore be held in this case that the letters patent issued to complainant are not open to the objection urged, of being invalid for want of certainty either in the specification or the claims; and, as the invention patented is novel and useful, it must be held that the complainant is entitled to invoke the aid of the court against infringements upon the rights secured by the letters patent; and thus we reach the question whether it appears that the machines manufactured and offered for sale by defendant do in fact include the invention secured to complainant. In the argument before the court it was conceded by counsel for both parties that the question of infringement arose only under the terms of the first claim of complainant's patent. The ultimate purpose of the mechanism devised by complainant is, as stated in the specifications, to secure a rotary, reciprocating motion to the upright shaft which carries on its lower end prongs which cause the articles to be washed, when placed in the tub, to move first in one direction, and then in another. The first claim of the patent describes complainant's invention to secure this result; and, reading it in the reverse direction, it calls for a driving shaft to be driven continuously in one direction, with a wheel attached to the inner end, so constructed as to engage with a double row of teeth or cogs on the cylinder, which cylinder has a sliding motion on the upright shaft, but also communicates its reciprocating motion to the upright shaft, and thus causes the direct and reverse motion of the prongs attached to it. In the machines manufactured by defendant, a combination is used which is fairly described by the first claim of complainant's patent. Defendant's machines have the driving shaft operated continuously in one direction. Upon the inner end of this shaft is a wheel with teeth or cogs thereon intended to engage with the cogs on the cylinder. The cylinder has a sliding motion on the upright shaft, and has also a double row of cogs or teeth thereon; and by the engagement of these rows of cogs, which project in opposite directions, with the cogs on the wheel on the inner end of the driving shaft, the desired rotary, reciprocating motion is given to the cylinder, and through it to the upright shaft having the prongs attached to the lower end. The mechanism found in defendant's machines is thus fairly described in the first claim of complainant's patent, but it is said the machines, as actually manufactured by the parties, show differences which should be regarded in determining the question of infringement. The only difference observable in the machines, so far as the first claim of the patent is involved, is in the position of the double row of cogs upon the cylinders. In the machines made by complainant the two rows are placed back to back, and encircle the cylinder midway of its length. In the defendant's machines the two rows of cogs encircle the cylinder,—one

at the top, and the other at the bottom,—but this change in the position of the cogs produces no change in the mode of operation of the mechanism. In both machines the double rows of cogs are intended to engage with the cogs on the driving wheel in exactly the same manner, and to accomplish the same result; and mere changes in the position of the several parts of the combination, which do not change the mode of its operation, nor produce different results, cannot be availed of to defeat the charge of infringement. This change in the position of the double rows of cogs on the cylinder also caused a change in the position of the larger cogs, which in both machines serve the purpose of elevating and lowering the cylinder upon the upright shaft, and thus aid in producing the reciprocating motion of the cylinder; but, while these changes in position make some difference in the mere appearance of the machines, they do not in fact introduce any new element into the combination, nor do they omit any element found in complainant's machine. In substance, the invention covered by complainant's patent is found in the method of causing a rotary, reciprocating motion to the upright shaft by the engagement of the cogs on the wheel on the inner end of the driving shaft with the double rows of cogs on the sliding cylinder sleeved upon the upright shaft, and all these features are reproduced in defendant's machines for the purpose of accomplishing the same result.

From this it follows that defendant's machines do in fact infringe upon the invention secured to complainant by the letters patent No. 535,465, and the complainant is therefore entitled to the usual injunction, and decree for an accounting.

### (On Rehearing.)

Counsel for the defendant in this case has filed a petition for a rehearing, based upon two grounds, which will be considered separately; the first being stated in the following terms:

"First. Because the evidence shows that claim No. 1 of plaintiff's letters patent sued on is for an entire combination, and includes as an element thereof an extension of the horizontal or driving shaft, O, inwardly beyond the pinion or wheel, R, so as to co-operate with the cylinder, I, and that defendant's machine or combination does not include such an element, but, on the other hand, employs a horizontal or driving shaft without any extension inwardly beyond the pinion or wheel thereon; the wheel thereon being placed at its extreme end. Defendant thus omits a claimed element of plaintiff's combination, and thereby avoids infringement."

It will be noticed that counsel no longer claim, as was most strenuously urged upon the original hearing, that the letters patent owned by complainant are void for uncertainty and insufficiency of description, in that in order to make the machines operate it was necessary to give support to the cylinder so that the cogs thereon would not drop out of engagement with the cogs on the driving wheel, and that in the specifications the need for so doing, and a mode for giving such support, were not pointed out and described. The position now taken is that plaintiff's letters patent are for an entire combination, and include as an element an extension of the

driving shaft, O, inwardly beyond the pinion or wheel, R, so as to co-operate with the cylinder, I, and that this element is wholly omitted from the combination found in the defendant's machines, and therefore the latter are not an infringement. In other words, it is now assumed that the need for giving support to the cylinder in order to prevent the cogs thereon from ceasing to mesh with the cogs on the driving wheel is so apparent that it must be held that the complainant intended to include in his combination the prolongation of the driving shaft as a means for furnishing this necessary support. For the sake of the argument, let it be assumed that the prolongation of the driving shaft, O, beyond the wheel, R, is part of the combination covered by complainant's patent. What purpose is subserved thereby? The prolongation forms a support for the rim of the cylinder, so as to prevent it from dropping so far down upon the upright shaft as to permit the cogs on the cylinder from ceasing to engage with those on the wheel. In other words, the projection of the driving shaft beyond the wheel serves to keep the cogs on the cylinder and those on the driving wheel meshed together. In the combination found in the machines made by the defendant, the same necessity exists of keeping the cogs on the cylinder meshed with those on the driving wheel. In plaintiff's machines, unless a proper support is given to the cylinder, the cogs thereon pointing upward will not mesh with the cogs on the underside of the driving wheel. In defendant's machines, unless a proper support is given to the cylinder, the cogs thereon pointing upward will not mesh with the cogs on the underside of the driving wheel. In both machines the need of giving support to the cylinder in order to secure the engagement of the upward pointing cogs on the cylinder with the underside of the driving wheel exists, and in both machines this needed support is furnished by a projection upon which the rim of the cylinder rests during the time when the upward-pointing cogs are engaged with the underside of the wheel. Therefore it is not true that the element of a support to the cylinder, in order to prevent a disengagement of the interacting cogs, which is found in complainant's machines, is omitted in those made by defendant. On the contrary, that element is found in the defendant's machines, and is as necessary to the successful operation thereof as it is in those made by complainant. In the one case the support is given by a projection of the driving shaft, and in the other by a projection attached to the upright elbow by which the driving shaft is supported at its inner end. These two supporting projections serve the same purpose or function in both machines, and the only difference therein is that they occupy different places in the two combinations, and this mere change in position will not defeat the charge of infringement.

The remaining ground upon which a rehearing is sought is stated as follows:

"Second. Because a combination, in the sense of the patent law, is a union of elements,—elements so united that their reciprocal influence on each other, or their joint action, produces a common result. A construction of claim No. 1 which excludes the inner extension of the shaft, O, inwardly beyond the pin-

ion or wheel, R, as an element thereof, so destroys the union (1) of the operation shaft with the cylinder placed thereon with (2) the driving shaft, having means for revolving it attached to one end, and a wheel for engaging the teeth on the cylinder at the other, that said elements have no reciprocal influence upon each other, nor a joint action to produce the common result claimed for plaintiff's invention. The said elements, without the said inner extension or prolongation of the shaft, O, beyond the pinion, R, are merely in mechanical juxtaposition, and not in vital union, and constitute a mere aggregation of devices. In order to make claim No. 1 a claim covering a patentable combination, it is necessary to read into it the means of union, to wit, the aforesaid inner extension of the shaft, O, beyond the pinion, R, described in plaintiff's letters patent; and the evidence shows that defendant does not employ such element in his combination, or any equivalent thereof."

The ultimate purpose sought to be accomplished by the complainant in setting up the machine manufactured by him was to give to the articles placed in the tub to be washed a reversing or reciprocating rotary motion. The articles in the tub are moved by the prongs attached to the end of the upright shaft, which passes downward through the cover or lid of the washtub. The motion of the prongs is governed by the motion of the upright shaft to which they are attached. If a reciprocating, rotary motion could be given to the upright shaft, the like movement would be given to the prongs, and through them to the articles in the tub. The complainant secured this reciprocating motion in the shaft by the method he devised for causing the cogs on the driving wheel, while being rotated continuously in one direction, to mesh or engage alternately with the double row of cogs on the cylinder, and in this method of alternating the engagement of the cogs on the wheel with those pointing in opposite direction on the cylinder is found the invention covered by complainant's patent. All the elements described in the first claim of the patent co-act in producing the desired result, and the contention of defendant that the machine presents a mere aggregation of old and known elements, within the rule laid down in Hailes v. Van Wormer, 20 Wall. 363, 22 L. Ed. 241, is wholly untenable. The alternating or reciprocating motion desired to be produced in the upright shaft is not the ordinary result produced by placing the cogs on the driving wheel in juxtaposition with the cogs on the cylinder. The continuous motion in one direction of the driving wheel would ordinarily give a continuous rotary motion to the cylinder, and through it to the upright shaft, and the reciprocating motion found in the machines manufactured by complainant is the result of the peculiar method therein employed for securing the alternate intermeshing of the two rows of cogs on the cylinder with the upper and under sides of the driving wheel, and, to secure this result, every element named in claim 1 of the patent co-acts with the others therein described; and therefore the invention cannot be defeated on the ground that the combination is a mere aggregation of known elements.

It is finally contended by counsel for defendant that claim 1 of the patent is void because it does not include the prolongation of the inner end of the driving shaft, O; the argument being that, without the support given to the cylinder by this prolongation of the driving shaft, the cogs on the wheel and cylinder would cease

to mesh, and the upright shaft would cease to move. The logical result of this contention would be the holding that a claim, in order to be valid, must include a description of everything necessary to accomplish the ultimate result aimed at. As pointed out in the opinion heretofore filed, in the specifications such a description must be given that one skilled in the art will be enabled thereby to construct an operative machine, but in the claim proper it is only necessary to describe that which it is sought to cover by the letters patent. The contention of the defendant is that, in order to the successful working of complainant's machines, it is necessary that the cogs on the driving wheel and cylinder should be kept engaged, and to accomplish this result the prolongation of the driving shaft is essential, in order to form a support to the cylinder. The need of keeping the cogs properly meshed is made plain on the face of the specifications. To accomplish this, it is not only necessary that a support should be given to the cylinder in order to prevent it slipping down on the upright shaft, but such support must be given to the driving shaft, the wheel thereon, and the upright shaft, that they will co-operate, and this is given by the elbow through which the driving shaft passes, and which elbow also forms the support for the upright shaft; and this elbow or its equivalent is just as necessary to secure the meshing of the cogs on the cylinder and wheel as is the support given to the cylinder by the prolongation of the shaft, O, or its equivalent. The means for placing and keeping in proper position the different parts of the mechanism are fully described in the specifications, and therefore the claim was properly restricted to the particular elements and combination which constitute the invention sought to be patented. The need for keeping the cogs enmeshed is fully shown in the specifications and claim, and a means for so doing is included in the descriptive part of the specifications. To keep the cogs enmeshed, it is not only necessary to prevent the cylinder from slipping too far down upon the upright shaft, but the shaft upon which the cylinder is sleeved must be kept in an upright position, and in such a relation to the driving wheel that the cogs thereon will engage; and this result is not secured by the prolongation of the driving shaft, but by the use of the elbow through which it passes, and which elbow holds the upright shaft in its proper place. The position and mode of operation of these necessary parts of the mechanism are made plain in the specifications and drawings, but are not included in the claim; yet, if the contention of the defendant is correct, they should all be embraced in the claim proper, because they are necessary to the successful operation of the machine as a whole. But this is certainly not the rule to be applied. The claims are properly restricted to a description of the exact invention sought to be protected by the letters patent, and as the invention therein described, when combined with the other parts of the mechanism which are fully set forth in the specifications, and which are treated as old and known, will produce the beneficial and novel result aimed at by the invention, the patent cannot be held void because each of the claims therein does not embrace a description of all the means employed

to make an operative machine; these means, however, being fully described in the specifications. The petition for a rehearing is therefore overruled.