BENBOW–BRAMMER MFG. CO. v. HEFFRON–TANNER CO.

(Circuit Court, N. D. New York. March 27, 1906.)

**1. PATENTS—INFRINGEMENT—WASHING MACHINES.**

The Schroeder patent, No. 535,465, for means for operating washing machines was not anticipated, and is valid. Also *held* infringed.

**2. SAME.**

The giving away of infringing articles as premiums with other goods sold is in effect a sale, and constitutes infringement.

Suit in equity to restrain alleged infringement of United States letters patent, No. 535,465, to John Schroeder for "means for operating washing machines," dated March 12, 1895, and for an accounting.

Taylor E. Brown (Philip Mauro and C. C. Poole, of counsel), for complainant.

Dunmore, Sholes, Ferris & Foley, and James N. Ramsey, for defendant.

RAY, District Judge. This is a combination patent, the claims of which read as follows:

"(1) An operating shaft having a rotary reciprocating motion, a cylinder placed upon the shaft, and having a sliding movement thereon, and through which cylinder motion is alone communicated to the shaft, and a double row of teeth or cogs upon the cylinder extending at an angle to the shaft, combined with a driving shaft, having means for revolving it attached to one end, and a wheel for engaging the teeth on the cylinder at the other; the driving shaft being driven continuously in one direction, substantially as shown.

"(2) The driving shaft provided with a handle, and a toothed driving wheel provided with an enlarged space between two of its teeth, combined with a vertically moving cylinder, having a double row of cogs upon its side and a single tooth at each end of the double row of cogs adapted to enter said enlarged space in the driving wheel; and the operating shaft upon which the cylinder is placed, substantially as described."

Defendant alleges anticipation, and denies infringement. The validity of this patent as to claim 1 was considered in Henry F. Brammer v. John Schroeder, Circuit Court of Appeals, Eighth Circuit, and the patent as to that claim upheld. Brammer v. Schroeder, 106 Fed. 918, 46 C. C. A. 41. It is urged, with considerable force, that this court ought not to follow that case because, first, it was not really contested as to the validity of the patent in question; and, second, several prior patents showing anticipation were not before or considered by the court in that case. A large number of prior patents have been placed before this court without evidence explaining them or their operation and it would be proper to wholly disregard them. Waterman v. Shipman, 55 Fed. 982, 5 C. C. A. 371. I have, however, carefully examined them for the purpose of arriving at a satisfactory conclusion. It is unnecessary to give the list here.

The defendant urges the Palmer patent, No. 304,549, granted September 2, 1884, to Frank L. Palmer of New London, Conn., for

"mechanical movement," as a complete anticipation. The claims of that patent read as follows:

"(1) The combination, with a body capable of movement in planes transverse to each other, and bearing on its surface a pattern rack or track, of a positively-operating engaging device occupying a fixed position and acting upon said rack or track, substantially as and for the purpose herein described.

"(2) The combination, with a body capable of movement in planes transverse to each other, and bearing upon its surface a pattern rack or track and an adjacent guide, of a positively-operating engaging device occupying a fixed position and acting upon the rack or track, and a pin or tracker connected with said device and fitting said guide, substantially as herein described.

"(3) The combination, with a body capable of movement in planes transverse to each other and bearing on its surface a pattern rack or track, of a positively-rotated shaft in a fixed bearing, and a wheel thereon engaging with said rack or track, substantially as herein described.

"(4) The combination, with a body capable of movement in planes transverse to each other, and having on its surface a pattern-rack, of a positively-rotating shaft in a fixed bearing, and a spur-pinion thereon engaging with said rack, substantially as herein described.

"(5) The combination, with a cylinder capable of free rotation and longitudinal movement, and bearing on its surface a pattern rack or track, of a positively-operating engaging device occupying a fixed position and acting upon said pattern rack or track, substantially as herein described.

"(6) The combination, with a cylinder capable of rotation and longitudinal movement, and bearing upon it a pattern rack or track and an adjacent guide, of a positively-operating engaging device occupying a fixed position and acting on the pattern rack or track, and a pin or tracker connected with said engaging device and fitting said guide, substantially as herein described.

"(7) The combination, with a cylinder capable of rotation and longitudinal movement, and having upon it a pattern rack or track, of a positively-rotating shaft in a fixed bearing, and a wheel thereon engaging the said rack or track, substantially as herein described.

"(8) The combination, with a cylinder capable of rotation and longitudinal movement, and bearing on it a pattern-rack, of a positively-rotating shaft in a fixed bearing, and a spur-pinion on said shaft engaging with said rack, substantially as herein described."

This patent was duly assigned to the H. F. Brammer Manufacturing Company, an Iowa corporation, a licensee of complainant under the Schroeder patent, on the 12th day of April, 1901. Claim 1 of the patent in suit, as originally made, was rejected on Minnemeyer reissue, 11,320, April 4, 1893, and 504,989, September 12, 1893, and on Morris, 22,-445, December 28, 1898. Claim 2 was thought allowable. December 3, 1894, a substitute for claim 1 was filed and claim 2 was amended. The new claim 1 read as follows:

"(1) A vertical operating shaft, and a cylinder placed upon said shaft and having a rising and falling movement thereon, and teeth or cogs upon its side, and through which teeth or cogs a rotary reciprocating motion is imparted to the shaft; combined with the driving shaft, having means for revolving it attached to one end, and a wheel for engaging the teeth on the cylinder at the other, the driving shaft being turned continuously in one direction, substantially as shown."

December 8, 1894, this new claim 1 was rejected on Palmer, No. 304,549, September 2, 1884. December 17, 1894, the old claims were erased, and the claims as they now stand of the patent in suit were substituted and then allowed. It thus appears that the Palmer patent

was fully considered by the Patent Office in allowing the claims in suit, and were not regarded as anticipations. These facts are entitled to their proper weight. On the whole I am satisfied that the defense of anticipation is not made out, and that complainant's patent is valid. The machine sold or given away by the defendant infringes. I regard it as immaterial that defendant sells goods and with them gives away the infringing machine as a premium. When he does this he sells the machine.

The complainant has urged his objections to certain exhibits, Nos. 72, 73, 74, 75, and 76. I think they were competent in the case, but fail to establish a defense. In all litigations, evidence may be admissible which tends to make a defense, and which if supplemented by other evidence will, all taken together, establish a defense. Here I do not find facts which with the exhibits make a defense. I think the validity of the patent in suit as to claim 1 was fully considered by the Circuit Court of Appeals in the case referred to.

The complainant is entitled to a decree accordingly, and for an accounting.