BENBOW–BRAMMER MFG. CO. v. WAYNE MFG. CO.

(Circuit Court, E. D. Missouri, E. D. January 13, 1908.)

No. 5,307.

PATENTS—ANTICIPATION—MEANS FOR OPERATING WASHING MACHINES.

The Schroeder patent, No. 535,465, for means for operating washing machines, *held* not anticipated, valid, and infringed.

In Equity. On final hearing.

Taylor E. Brown (C. C. Poole, on the brief), for complainant.
Hugh K. Wagner, for defendant.

DYER, District Judge. This is a suit in equity praying for an injunction to restrain infringement of letters patent of the United States No. 535,465, issued to John Schroeder March 12, 1895, for "means for operating washing machines." The bill also prays for an accounting. This suit was begun while my immediate predecessor, Judge Finkelnburg, was occupying this bench. At, or shortly after the filing the suit, application was made to Judge Finkelnburg by the complainant for a preliminary injunction. Upon disposing of this application Judge Finkelnburg said:

"This is a motion for the issuance of a preliminary injunction on a bill in equity to restrain the defendant from manufacturing or vending a washing machine known as the 'Winner,' alleged to be an infringement of complainant's machine, manufactured under letters patent No. 535,465, dated March 12, 1895, in the name of John Schroeder and assigned by him to the complainant. Complainant claims that the patent on which this action is based (the Schroeder patent) has been adjudicated and sustained as to its validity by the Circuit Court of Appeals for this circuit in the case of Brammer v. Schroeder, 106 Fed. 918, 46 C. C. A. 41, on an appeal from a decree of the United States Circuit Court for the Southern District of Iowa, reported in 98 Fed. 881, also in the Eastern District of Wisconsin, in the case of Benbow Mfg. Co. v. Simpson (C. C.) 132 Fed. 614, and in the recent case of Benbow Mfg. Co. v. Heffron (in the Northern District of New York) 144 Fed. 429. Defendant in its return and answer attacks the validity of complainant's patent by setting up a multitude of alleged anticipating patents and prior printed publications, and defendant also denies infringement. Defendant claims that a large number of these prior patents and publications were not presented at all in the cases relied on by complainant, and that some of them, though presented, were not properly presented, and therefore not duly considered. At all events, it is strenuously contended by the defendant that the new evidence of prior patents and publications now disclosed by the affidavits filed on this preliminary hearing is of such a conclusive character that, if it had been introduced in the former litigation, it would necessarily have led to a different conclusion, thereby bringing itself within the exception to the general rule concerning the effect of prior adjudications as laid down in the Edison Electric Light Co. Case (C. C.) 54 Fed. 678, which has been generally followed. As to the question of infringement, it is contended that under the prior state of the art as now for the first time shown in this case, and particularly in view of the Palmer patent, Schroeder's invention should be limited to the specific form of arrange-

ment of his teeth or cogs. It is absolutely impossible for the court, on the hearing of this rule to show cause why a preliminary injunction should not issue, to go elaborately into the consideration of the nature, operation, and legal effect of the vast number of prior anticipating patents and publications set up by the respondent. I have, however, read all the affidavits submitted on both sides, and to some extent examined the patents upon which respondent relies, especially the Palmer patent, which is particularly relied upon by the defendant. Upon the proofs submitted by the record as it stands at present, I cannot say that the right or the infringement is so clear from doubt as to warrant the issuance of a preliminary injunction if complainant can be otherwise protected. The evidence as to infringement and anticipation upon which the court is called upon to pass is largely and necessarily ex parte, and I think it unwise to arrest defendant's business altogether, in advance of a full hearing when the damage which complainant may sustain can be compensated in money. It seems to me, therefore, that complainant may be protected by a bond and periodical accounts of sales. The court must exercise its discretion in following that course which appears most conducive to justice to both parties. The order will therefore be that if defendant will on or before the 6th day of July, 1906, give bond in the sum of $10,000, with good and sufficient surety, to be approved by the court or the clerk thereof, conditioned that the defendant will pay or cause to be paid to complainant all damages, profits, and costs, judgments, or awards that may be adjudged, ordered, or found in favor of the said complainant and against the said defendant, if any, upon the final hearing of this cause on account of infringing the letters patent described in the bill of complaint, and if defendant will file with the clerk of this court within 30 days, and every 30 days thereafter, a sworn statement setting forth the number of the alleged infringing machines sold under the name of 'Winner,' or other names, during the 30 days then last past, together with the number of machines then on hand, then a writ of preliminary injunction prayed for by complainant shall not issue until the further order of the court or a judge thereof. But, should defendant fail or refuse to furnish said bond or file said statements within the time fixed herein, then and in such case a temporary writ of injunction shall issue restraining the defendant, its officers, agents, clerks, and employés, until the further order of this court, from selling or causing to be sold, giving away, or disposing of in any manner of the washing machines described in complainant's bill as infringing machines, or which in any manner are constructed in accordance with or embodying the invention set forth and claimed in complainant's letters patent No. 535,465, providing that said temporary injunction shall not issue until the complainant has filed a bond in the penal sum of $10,000, to be approved by the court or clerk, with good and sufficient sureties, conditioned that, if upon final hearing said bill of complaint be dismissed·for want of equity or other cause, complainant will pay to the defendant such damages, if any, as defendant may have sustained in consequence of the issuance of said injunction or the interruption of its business during the time that such temporary injunction shall remain in force."

The defendant gave the bond required, and has otherwise, as it appears, complied with the order of the court then made. The case is before me on final proofs. The same was argued at great length orally and on briefs.

The validity of the patent in question has been upheld by various courts of the United States, and especially by the Circuit Court of Appeals for the Eighth Circuit, in the case of Brammer v. Schroeder, 106 Fed. 918, 46 C. C. A. 41. It is insisted by the defendant here that a case entirely different from the one decided by the Court of Appeals above referred to is presented by the record in this case. This is true in a measure only. The only substantial difference lies in the fact that the defendant (with the view of showing the state of the art at the time the patent was issued to Schroeder) pleads other and.,different patents from those relied upon in the case before the

Court of Appeals. By these additional patents, so pleaded, it is insisted by the defendant that the patent of Schroeder was clearly anticipated. One of these patents, to wit, the Palmer patent, is relied upon here (as it was before Judge Finkelnburg) as showing anticipation. This particular patent was not before the Court of Appeals in the case of Brammer v. Schroeder, but it was before Judge Ray in the Heffron-Tanner Co. Case (C. C.) 144 Fed. 429. In reference to that particular patent Judge Ray says:

"The defendant urges the Palmer patent, No. 304,549, granted September 2, 1884, to Frank L. Palmer, of New London, Conn., for 'mechanical movement,' as a complete anticipation. The claims of the patent read as follows:

" '1. The combination, with a body capable of movement in planes transverse to each other, and bearing on its surface a pattern rack or track, of a positively-operating engaging device occupying a fixed position and acting upon said rack or track, substantially as and for the purpose herein described.

" '2. The combination, with a body capable of movement in planes transverse to each other, and bearing upon its surface a pattern rack or track and an adjacent guide, of a positively-operating engaging device, occupying a fixed position and acting upon the rack or track, and a pin or tracker connected with said device and fitting said guide, substantially as herein described.

" '3. The combination, with a body capable of movement in planes transverse to each other and bearing on its surface a pattern rack or track, of a positively-rotated shaft in a fixed bearing, and a wheel thereon engaging with said rack or track, substantially as herein described.

" '4. The combination, with a body capable of movement in planes transverse to each other, and having on its surface a pattern-rack, of a positively-rotating shaft in a fixed bearing, and a spur-pinion thereon engaging with said rack, substantially as herein described.

" '5. The combination, with a cylinder capable of free rotation and longitudinal movement, and bearing on its surface a pattern rack or track, of a positively-operating engaging device occupying a fixed position and acting upon said pattern rack or track, substantially as herein described.

" '6. The combination with a cylinder capable of rotation and longitudinal movement, and bearing upon it a pattern rack or track and an adjacent guide, of a positively-operating engaging device occupying a fixed position and acting on the pattern rack or track, and a pin or tracker connected with said engaging device and fitting said guide, substantially as herein described.

" '7. The combination, with a cylinder capable of rotation and longitudinal movement, and having upon it a pattern rack or track, of a positively-rotating shaft in a fixed bearing, and a wheel thereon engaging the said rack or track, substantially as herein described.

" '8. The combination, with a cylinder capable of rotation and longitudinal movement, and bearing on it a pattern rack, of a positively-rotating shaft in a fixed bearing, and a spur-pinion on said shaft, engaging with said rack, substantially as herein described.'

"This patent was duly assigned to the H. F. Brammer Manufacturing Company, an Iowa corporation, a licensee of complainant under the Schroeder patent, on the 12th day of April, 1901. Claim 1 of the patent in suit, as originally made, was rejected on Minnemeyer reissue 11,320, April 4, 1893, and 504,-989, September 12, 1893, and on Morris, 22,445, December 28, 1898. Claim 2 was thought allowable. December 3, 1894, a substitute for claim 1 was filed and claim 2 was amended. The new claim 1 read as follows:

" '1. A vertical operating shaft, and a cylinder placed upon said shaft and having a rising and falling movement thereon, and teeth or cogs upon its side, and through which teeth or cogs a rotary reciprocating motion is imparted to the shaft; combined with the driving shaft, having means for revolving it attached to one end; and a wheel for engaging the teeth on the cylinder at the other, the driving shaft being turned continuously in one direction, substantially as shown.'

"December 8, 1894, this new claim 1 was rejected on Palmer No. 304,549, September 2, 1894. December 17, 1894, the old claims were erased, and the

claims as they now stand of the patent in suit were substituted and then allowed. It thus appears that the Palmer patent was fully considered by the Patent Office in allowing the claims in suit, and were not regarded as anticipations. These facts are entitled to their proper weight. On the whole I am satisfied that the defense of anticipation is not made out, and that complainant's patent is valid."

Other patents not before the Court of Appeals or before Judge Ray, but pleaded and insisted upon in this case, have received consideration. None of these in my opinion show any valid defense to the complainant's cause of action. At least they are not more persuasive than those before the Court of Appeals and before Judge Ray in the cases above referred to. It is my duty to follow the decision made by the Court of Appeals, as I understand it.

That court having upheld the validity of the Schroeder patent, and this court having found that the record in the present case makes no greater showing of "anticipation" by additions, patents, or exhibits than was shown in the case before the Court of Appeals, and in the case before Judge Ray, it follows that the prayer of complainant for an injunction and accounting must be granted. It is so ordered. Henry T. Kent, Esq., is appointed special master to take the account, in accordance with the prayer of the bill.