BENBOW–BRAMMER MFG. CO. v. RICHMOND CEDAR WORKS et al.

(Circuit Court, N. D. Illinois, E. D.    February 6, 1908.)

No. 28,245.

PATENTS—INFRINGEMENT—MEANS FOR OPERATING WASHING MACHINES.

The Schroeder patent, No. 535,465, for means for operating washing machines, has for the essential element in the combination shown a sliding cylinder on the operating shaft, through which cylinder alone motion is communicated to such shaft, and is not infringed by a machine having no such cylinder, but in which the teeth or cogs are mounted directly on the shaft.

In Equity.

See 149 Fed. 430.

Poole & Brown (Taylor E. Brown, of counsel), for complainant.

Bulkley & Durand, Charles C. Bulkley, and C. D. Davis, for defendants.

KOHLSAAT, Circuit Judge. This cause is now on final hearing on bill to restrain infringement of claim 1 of patent No. 535,465, granted to John Schroeder, March 12, 1895, for "new and useful improvements in means for operating washing machines." The claim reads as follows, viz.:

"1. An operating shaft having a rotary reciprocating motion, a cylinder placed upon the shaft and having a sliding movement thereon, and through which cylinder motion is alone communicated to the shaft, and a double row of teeth or cogs upon the cylinder extending at an angle to the shaft, combined with a driving shaft having means for revolving it attached to one end, and a wheel for engaging the teeth on the cylinder at the other, the driving shaft being driven continuously in one direction, substantially as shown."

Heretofore a motion for a preliminary injunction was denied upon the ground that infringement was not shown. The claim in suit is for a mechanical movement. The drawings and specifications associate it with a washing machine. There seems to be no indefiniteness in the claim, however, and therefore no necessity for looking to the drawings and specifications for elucidation. The device is capable of adaptation to any use calling for reciprocating rotary motion. There does not appear to be any basis for the statement of complainant's expert that the characteristic feature of the device consists in its application to the stirrer shaft of a rotary washing machine. In Brammer v. Schroeder, 106 Fed. 918, 46 C. C. A. 41, the United States Circuit Court of Appeals for the Eighth Circuit, in construing the claim in suit says:

"Appellee simply claims to be the inventor of the means employed for effecting this action of the stirrer-shaft, and not the function of washing clothes in a tub by the backward and forward revolution of the stirrer-head, and, in this connection, it will be observed that the claims of the patent in suit are drawn simply to cover said means, and that the language of these claims does not limit the combination of elements embodied therein to washing machines."

It appears that the application for a patent was referred by the Patent Office to division 12, and classified under "Machine Elements,"

and not under washing machines. It also appears that original claims 1 and 2 call for a pronged hook at the lower end of the operating shaft or post. These claims were canceled, as being no part of the invention. The claim in suit calls for (1) a stationary or fixed horizontal driving shaft, having means for revolving same at its outer end; (2) a wheel or cog at or about its inner end for engaging teeth upon cylinder; (3) a cylinder mounted upon an operating post and having a vertical sliding movement thereon, and also having a double row of teeth or cogs meshing with the teeth of the cog at the end of the driving shaft, in such a manner as to secure a reciprocating rotary movement of the cylinder; (4) a vertical operating post made square or angular so as to lock with the reciprocating rotary cylinder, from which it in turn takes its reciprocating rotary motion, itself remaining vertically stationary.

The alleged infringing device comprises (1) a horizontal floating driving arm, having means for revolving it at its outer end; (2) a wheel or cog at its inner end for engaging teeth upon an operating post; (3) a vertically stationary operating post provided with teeth or a cog integrally therewith for engagement with the teeth or cog at the inner end of the floating driving shaft in such a manner as to secure a reciprocating rotary motion of the operating post.

In both devices the driving shaft is always moved in a straightforward direction. Means for securing a reciprocating rotary movement from a straightforward actuation of a driving shaft is very old. It is plainly set out as mechanical movement No. 371 in the book entitled "507 Mechanical Movements," in evidence. It also is shown in English patent to Morris of August 20, 1875, for washing machines and churns, and in the patent to Charles Danforth, February 18, 1841, for improvement in making cotton roping, and in the patent to F. L. Palmer for a mechanical movement, granted September 2, 1884. It is also found in many other patents cited. The idea is no longer novel. Only the means for accomplishing this is here involved. In the book "507 Mechanical Movements," No. 371 aforesaid is thus described:

"The large wheel is toothed on both faces, and an alternating circular motion is produced by the uniform revolution of the pinion, which passes from one side of the wheel to the other through an opening on the left of the figure."

This is substantially defendant's device. Some modification of the movement is required to adapt it to the production of reciprocating rotary motion in an upright, vertically stationary operating post, such as the upward extension of the post, adjustment of guides, enlargement of teeth, etc., but, as said in Brammer v. Schroeder, supra:

"These are mere details of construction; mere means of union. * * * They are not substantive constituent elements of the combination described and claimed by the appellee. They are not essential elements of that combination."

Given said movement No. 371 and the Morris & Danforth patents above referred to, and it would require only ordinary mechanical skill to adapt said movement No. 371 to produce the reciprocal rotary motion of defendant's device upon an upright operating post.

Complainant's mechanical movement is not shown in said book of movements, and, so far as shown, is new in the art. As said in claim 1 in suit, this cylinder alone imparts motion to the operating shaft. It is an element of the claim in suit which intervenes the driving cog and the driven post. There is no serious contention as to the validity of the patent in suit. It has been sustained by the Circuit Court of Appeals for the Eighth Circuit in Brammer v. Schroeder, supra, by Judge Shiras in the same case (C. C.) 98 Fed. 880–886, by Judge Seaman in Benbow-Brammer Mfg. Co. v. Simpson Mfg. Co. (C. C.) 132 Fed. 614, by Judge Ray in Benbow-Brammer Mfg. Co. v. Heffron-Tanner Co. (C. C.) 144 Fed. 429, and by Judges Finkelnburg and Dyer of the Eastern District of Missouri in Benbow-Brammer Mfg. Co. v. Wayne Mfg. Co. (C. C.) 157 Fed. 559. That fact may be conceded for the purposes of this hearing. An examination of these cases discloses the fact that each of the parties found to be infringers in the first three cases named was using complainant's sliding cylinder. With regard to the two opinions last named, it should be said that the character of the infringement is not set out, but, inasmuch as the decisions rest entirely upon the said opinion of the Eighth Circuit Court of Appeals, the fact is deemed fairly deduced. This last-named case (106 Fed. 918, 46 C. C. A. 41) is cited with approval by Judge Seaman. That court sets out at considerable length in a number of places in its opinion the features of the patent in suit which are deemed by the court to constitute patentable novelty. At page 924 of 106 Fed., at page 47 of 46 C. C. A., it is said:

"The only real question is whether or not the spool-shaped gear-bearing cylinder of Brammer is the mechanical equivalent of the cog-bearing cylinder of Schroeder."

And again, at page 926 of 106 Fed., at page 49 of 46 C. C. A.:

"Now, what was the principle of Schroeder's invention? What was the advance in the progress of the art which his combination marked? What was the peculiar combination of devices which distinguished his from all prior machines? It was the combination of the sliding cog-bearing cylinder, by which alone the reciprocating rotary motion was imparted to the operating shaft, with the old and familiar elements of his combination. The history of the prior art has been searched in vain for any device or machine in which a sliding actuating cylinder on the operating shaft, provided with cogs or cog wheels adapted to mesh with those of the driving wheel, is disclosed. The use of such a sliding cylinder to impart motion to the shaft, in combination with the other parts of this machine designated in the first claim of this patent, was new in the art."

The appellee (Schroeder) "was not ignorant of the principle or mode of operation he was seeking to secure when he drew his specification and made his claim. They show that that was the peculiar principle or mode of operation which he described and sought to secure"; and at page 927 of 106 Fed., at page 49 of 46 C. C. A.:

"It is plain that the cog-bearing, actuating, sliding cylinder was the element of this combination whi 'h embodied its principle and distinguished its mode of operation from those which preceded it. This principle has been appropriated by appellant."

And again on page 927 of 106 Fed., on page 50 of 46 C. C. A.:

"What Schroeder described and claimed here was the cog-bearing, actuating, sliding cylinder in combination; not the specific form of that cylinder which he described, nor the identical means he pointed out to hold its cogs in mesh with the pinion, but this tooth-bearing, actuating, sliding cylinder in combination with the driving shaft and pinion and the angular operating shaft of the washing machine. He does not describe the form of his cylinder as a part of his invention. He does not claim it as such. He says in his specification: 'This cylinder will preferably be made in the form here shown;' and this is to say, in effect, that this is one of the forms in which this essential element of the combination, the tooth-bearing, sliding cylinder, may be made."

And again, page 928 of 106 Fed., page 51 of 46 C. C. A.:

"The combination of the appellant contains the very principle of the appellee's invention; the new mode of operation which he conceived, described, and claimed in his patent; the cog-bearing, sliding cylinder, by which alone motion is imparted to the operating shaft, in combination with the angular shaft, the driving shaft, and its pinion. It contains every element of the patented combination, except the sliding cylinder, in the identical form described in the specification of the appellee, and it contains the mechanical equivalent of the sliding cylinder. While the sliding cylinder of Brammer is not in the same form as that of Schroeder, it is the same thing. It performs the same function and attains the same result, the imparting of reciprocating rotary motion to the shaft, by the same mode of operation, and as this principle and mode of operation were new, so far as is disclosed by this record, in the art to which the patent of Schroeder relates, his cylinder falls within the fair meaning of the term 'mechanical equivalent,' and it should be applied to the combination in suit."

Complainant's counsel in the Eighth Circuit case uses the following language, viz.:

"It is therefore urgently insisted and contended for in behalf of appellee that appellant is estopped, by all rules of logic and law, from now denying that said cylinder is absolutely and without question new and original with Schroeder.

"Even, however, if appellant's admission were not available to establish to this court's satisfaction the novelty and originality of this 'cylinder I,' the possession of these qualities is certainly not disproved by the prior art in evidence. In the whole batch of twenty-two patents introduced in evidence by defendant, and antedating the Schroeder patent, No. 535,465, not one shows the 'cylinder I,' and nowhere in the voluminous briefs submitted in appellant's behalf do counsel claim such anticipation."

In the same case complainant's expert says:

"From my examination of the prior art as set out in my direct deposition, it is evident that that part of the combination described as, 'A cylinder placed upon the shaft and having a sliding movement thereon, and through which cylinder motion is alone communicated to the shaft, and a double row of teeth or cogs upon the cylinder extending at an angle to the shaft,' is novel in the sense of the patent law, as none of the prior patents show such a construction."

From the above quotations it seems entirely logical to conclude that the distinguishing feature of the patent in suit is the sliding cylinder. But complainant insists that defendant's device may fairly be claimed by it as an equivalent; that a vertically stationary operating shaft actuated by a vertically moving cylinder, having teeth meshing with and driven by, a horizontal stationary shaft, is the full equivalent of a vertically stationary operating shaft having teeth integral there-

with, meshing with the teeth upon a floating driving shaft, the latter being a mere reversal of the parts of the former; citing Consolidated Fastener Company v. Hays, 100 Fed. 984, 41 C. C. A. 142, and many well-known other cases. But is there a mere reversal of the parts here? If complainant's cog had been made integral with its operating post, the latter would have been alternately raised and lowered, and the result would have been to destroy its efficiency, especially in connection with washing machines, by reason of the lifting and lowering motion of the stirrer head. The essential element of complainant's patent is utterly foreign to defendant's device. If, as contended by complainant, defendant's device is so plainly an equivalent of that in suit, why did it not occur to complainant? That it is just as effective and much simpler than that of the patent in suit, is very evident, for it cuts out the most essential element of the latter. If, in view of the prior art above referred to, complainant has a valid patent, its novelty must be found in the use of the sliding cylinder, as its distinguishing element. This defendant does not employ. The bill must therefore be dismissed for want of equity.