BENBOW–BRAMMER MFG. CO. v. RICHMOND CEDAR WORKS et al.

(Circuit Court of Appeals, Seventh Circuit.   March 18, 1909.)

No. 1,541.

PATENTS (§ 328*)—INFRINGEMENT—MEANS FOR OPERATING WASHING MACHINES.
  The Schroeder patent, No. 535,465, for means for operating washing
  machines, discloses novelty and invention.  It covers a combination of
  elements in a washing machine, and is entitled to the benefit of equiva-
  lents.  As so construed, *held* infringed.
    [Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

Appeal from the Circuit Court of the United States for the East-
ern Division of the Northern District of Illinois.

This appeal is from a decree of the Circuit Court, dismissing
the appellant's bill, alleging infringement of claim 1 of letters patent
No. 535,465, for "means for operating washing machines," issued
to John Schroeder March 12, 1895.  The opinion of the trial court
on final hearing is reported in 159 Fed. 161, and a prior opinion on
motion for an interlocutory injunction appears in 149 Fed. 430.

Taylor E. Brown and Philip Mauro, for appellant.
Charles C. Bulkley, for appellees.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

SEAMAN, Circuit Judge.   The Schroeder patent in suit, No.
535,465, now owned by the appellant corporation, has been extensive-
ly involved in litigation over various infringements, in different cir-
cuits (successively in the Eighth, Seventh, and Second circuits), and
adjudications appear in all such cases, except the one at bar, up-
holding both validity of the claim in suit and the charge of infringe-
ment in each instance.   The cases so appearing in the reports, prior
to the adverse decree from which this appeal is brought, are:  Schroe-
der v. Brammer (C. C.) 98 Fed. 880;  Brammer v. Schroeder, 106
Fed. 918, 46 C. C. A. 41;  Benbow-Brammer Co. v. Simpson Mfg.
Co. (C. C.) 132 Fed. 614;  Benbow-Brammer Co. v. Heffron-Tanner
Co. (C. C.) 144 Fed. 429;  Benbow-Brammer Co. v. Wayne Mfg.
Co. (C. C.) 157 Fed. 559.   Other decisions of like effect are referred
to in the record, which are unreported.

The patent claim alleged to be infringed reads as follows:

"1. An operating shaft having a rotary reciprocating motion, a cylinder plac-
ed upon the shaft and having a sliding movement thereon, and through which
cylinder motion is alone communicated to the shaft, and a double row of teeth
or cogs upon the cylinder extending at an angle to the shaft, combined with
a driving shaft having means for revolving it attached to one end, and a
wheel for engaging the teeth on the cylinder at the other, the driving shaft
being driven continuously in one direction, substantially as shown."

For description of the operating means of the patent and the gen-
eral scope of the patentee's invention, as recognized and defined in
these several decisions, reference to the opinions so reported, to-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

gether with more recent opinions hereinafter mentioned, is deemed sufficient, without further specification in the present opinion.

This decree dismisses the appellant's bill, upon the ground, stated in the opinion (159 Fed. 161, 165) of the trial court (in substance), that any novelty in the patent device "must be found in the use of the sliding cylinder" (as described in the patent), and that element was not present in the defendants' (appellees') washing machine, so that the patent, "if valid in view of the prior art," is not infringed. Another suit brought by the appellant in the Circuit Court for the Southern District of New York, wherein use was alleged of the same infringing machine made by the appellees, was co-pending for final hearing—with the appellee Richmond Cedar Works, impleaded as a party defendant—and the appellant subsequently obtained a decree therein in its favor, under an opinion reported in Benbow-Brammer Mfg. Co. v. Straus et al., 158 Fed. 627. On appeal, this decree was affirmed by the Circuit Court of Appeals for the Second Circuit, in an opinion filed December 15, 1908. 166 Fed. 114. Counsel for the appellees frankly concedes that the last-mentioned suit was substantially identical, in the controversies involved and evidence submitted, with the instant case, and that the final decision therein "must and should have its influence upon this court, if, from a consideration of the opinion, it appears that the defendants' position assumed and presented here was considered."

The operating means of the appellees' machine are fully described in these several opinions, and the distinctions in structure of elements which are relied upon to escape infringement are pointed out in each of the opinions referred to (159 Fed. 161, and 158 Fed. 627) in the Circuit Court. As well remarked in the opinion of the Circuit Court of Appeals above cited, "the defendants' machine performs the same function and accomplishes the same result" as that of the patentee, so that the only question "to be decided is whether they perform that function and accomplish that result in substantially the same manner."

The contention in support of the present decree, notwithstanding this decision contra, may be thus summarized: (a) That the patentee's invention, as claimed and allowed, is for "a mechanical movement," and not for a combination of elements in a machine; (b) that its sliding cylinder, as described, is the essential and "distinguishing element"; (c) that the appellees' machine employs a different mechanical movement, which was old, and not the sliding cylinder; (d) that the means so used by appellees is shown and described in prior patents in evidence. Laying aside the force of the prior decisions—both in reference to the validity and interpretation of the patent claims and the present issue of infringement—we deem it sufficient to remark, for dismissal of the foregoing propositions, that the invention is plainly described and allowed, as we believe, for a combination of means or elements in a washing machine, and thus entitled to the benefit of the rules applicable to such claim; so that, novelty appearing in the combination, the patent can neither be defeated by proof that individual elements were old, nor evaded by the

substitution of a well-known equivalent element for like function and combination.

The validity and scope of the Schroeder patent in suit, however, are not fairly open to question, in the light of the harmonious line of decisions thereupon (above cited) in prior litigation, and we believe the last-mentioned opinion of the Circuit Court of Appeals for the Second Circuit sufficiently states the rule to be applied in support of the like charge of infringement under the present bill. In that view it is neither needful to determine the effect otherwise of such final decision, upon like issues, in favor of this appellant and against the appellee Richmond Cedar Works, nor to discuss the evidence offered by way of defense.

The decree of the Circuit Court is therefore reversed, with direction to enter decree in favor of the appellant complainant for the relief sought in its bill, in conformity with the foregoing opinion.

PATENTS (§ 328*)—INFRINGEMENT—MEANS FOR OPERATING WASHING MACHINES.
    The Schroeder patent, No. 535,465, for means for operating washing machines, *held* infringed.

    