KAPP v. BENBOW-BRAMMER MFG. CO.

(Circuit Court of Appeals, Seventh Circuit. March 18, 1909. Rehearing Denied May 6, 1909.)

No. 1,478.

PATENTS (§ 328*)—INFRINGEMENT—MEANS FOR OPERATING WASHING MACHINES.
The Schroeder patent, No. 535,465, for means for operating washing machines, *held* infringed.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

Appeal from the Circuit Court of the United States for the District of Indiana.

Frank D. Thomason, for appellant.
Taylor E. Brown, for appellee.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

SEAMAN, Circuit Judge. The appellant is defendant in a bill filed by the appellee, alleging infringement of letters patent No. 535,-465, issued to John Schroeder and owned by the appellee corporation, and this appeal is from a decree against the appellant for equitable relief on final hearing of the issues. So the decree rests upon the same patent involved and considered in the case of Benbow-Brammer Manufacturing Co. v. Richmond Cedar Works, 170 Fed. 965, wherein opinion is filed herewith, and pronounces infringement of claim 1, which was likewise involved in that case. Reversal is sought upon like contentions for limiting the scope of invention to a particular element (as described) in the operating means, and thus escaping infringement through departure from its specific form.

The evidence is undisputed that the appellant's structure for a washing machine is substantially identical in the function and result of the several elements in the combination. In one of the operating means or elements, however, a departure from the patent specifica-

tions appears, at least in form. This element is referred to in the brief for appellant, as "a means for converting the continuous revolution of the drive pinion into a rotary reciprocal motion," for which the patent claim specifies "a double row of teeth or cogs upon the cylinder extending at an angle to the shaft," while the appellant's means are described in the brief as "a segmental series of pins that extend radically from a hub." Both forms are identical in function, for upper and under engagement successively and continuously with the driving pinion or gear, to give the desired rotative motion—the so-called "single row of pins" presenting their upper and under face for such engagement alike with the "double row of teeth," described in the patent—and their substantial equivalency is indisputable.

As referred to in Benbow-Brammer Manufacturing Co. v. Richmond Cedar Works, supra, preservation of the monopoly granted under this patent has required much and constant litigation, and the line of opinions there cited, upholding both validity of the claim in suit and invention therein of sufficient merit to entitle the patentee to a fair range of equivalents, plainly authorize such interpretation under the present evidence to charge infringement. The merit of the invention has been well recognized, both in judicial opinions and in the repeated efforts of other manufacturers to supply the market with imitations; and we believe the appellant has appropriated the essence of such invention, with the deviation above mentioned in the nonessential form of one of the operating means—a mere colorable evasion—so that the appellee is entitled to the relief granted by the decree.

The decree of the Circuit Court, accordingly, is affirmed.